UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>                      Plaintiff,<br><br>    v.<br><br>SUZANNE MARIE PARTON, *et al.*,<br><br>                      Defendants. | Case No. C19-1150-RSM-MAT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for appointment of counsel. The Court, having reviewed plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (Dkt. 26) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate

his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in support of his motion for appointment of counsel that he is unable to afford counsel, that his imprisonment will limit his ability to litigate this action because the issues involved are complex and will require significant research and investigation, and that counsel would be better able to present evidence and cross-examine witnesses at trial. (*See* Dkt. 26 at 1.) Plaintiff's assertion that this action is too complicated for him to litigate without assistance lacks support in the record. He presents relatively straightforward claims relating to his arrest by City of Seattle police officers on June 1, 2019. (*See* Dkt. 12.) Plaintiff has demonstrated an ability to articulate the legal and factual bases of his claims without the assistance of counsel. And, while litigating an action from within the confines of a correctional facility unquestionably presents challenges, plaintiff should have access to sufficient resources to adequately research his claims and to conduct any necessary discovery.

With respect to plaintiff's assertion that counsel would be better able to present evidence and cross-examine witnesses at trial, the argument is premature. At this juncture, the record is insufficient for the Court to determine whether this matter is likely to proceed to trial and/or whether plaintiff is likely to succeed on the merits of his claims. Based on the information available to the Court at this juncture, this Court must conclude that plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's motion for appointment of counsel is therefore denied.

(2) In addition to his request for counsel, plaintiff also recently filed a document which he identifies as an "Order To Show Cause For An Preliminary Injunction & A Temporary Restraining Order." (Dkt. 30.) While it appears that this may constitute an attempt by plaintiff to obtain preliminary injunctive relief, plaintiff's submission was not accompanied by a motion

seeking such relief nor was it signed by plaintiff. The submission is therefore deficient and is STRICKEN from the record.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant Parton, and to the Honorable Ricardo S. Martinez.

DATED this 12th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge