UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>                Plaintiff,<br><br>   v.<br><br>SUZANNE MARIE PARTON, *et al.*,<br><br>                Defendants. | CASE NO. C19-1150-RSM-MAT<br><br>REPORT AND RECOMMENDATION |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff submitted his complaint to this Court for filing on July 23, 2019, together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. 1.) Plaintiff alleged in his complaint that defendants violated his constitutional rights while effectuating his arrest on June 1, 2019. (*See* Dkt. 1-1 at 4-8.) At the time plaintiff filed his complaint, he was confined at the King County Correctional Facility in Seattle, Washington. (*See* Dkt. 1-1 at 2.) On September 19, 2019, plaintiff's application for leave to proceed *in forma pauperis* was granted, his complaint was filed, and the Court ordered service of the complaint on the two named defendants, Seattle Police Officers Suzanne Parton and Paul Scott. (*See* Dkts. 11, 12, 13.) Plaintiff had by that time been transferred to the Maleng Regional Justice Center ("RJC") in Kent, Washington. (Dkt. 10.)

REPORT AND RECOMMENDATION - 1

Defendant Parton filed a timely answer to plaintiff's complaint on November 14, 2019 and, on November 15, 2019, this Court issued an Order establishing pretrial deadlines in this matter.[1] (Dkts. 32, 33.) On November 22, 2019, the copy of the pretrial scheduling order mailed to plaintiff at his address of record, the RJC, was returned to the Court as undeliverable because plaintiff was no longer at the facility. (*See* Dkt. 34.) On November 25, 2019, an earlier Order denying plaintiff's motion for appointment of counsel, also mailed to plaintiff at the RJC, was returned to the Court with a notation indicating plaintiff was not in jail. (*See* Dkts. 31, 35.) To date, plaintiff has not provided the Court with an updated address.

Because over sixty days have passed since mail directed to plaintiff at his address of record was returned by the post office, and because plaintiff has not notified the Court of his current address, this action should be dismissed, without prejudice, for failure to prosecute pursuant to LCR 41(b)(2). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2020**.

---

[1] The service materials mailed to defendant Scott at the address provided by plaintiff were returned to the Court as undeliverable on October 11, 2019. (*See* Dkt. 21.) Plaintiff was subsequently advised that if he wished to proceed with this action against defendant Scott, he would have to provide an address at which defendant Scott could be served. (Dkt. 27.) Plaintiff never provided another address and defendant Scott was therefore never served.

REPORT AND RECOMMENDATION - 2

DATED this 11th day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3